Cite as: 585 U. S. ____ (2018)　　　1

SOTOMAYOR, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## LEO LOUIS KACZMAR, III *v.* FLORIDA

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

No. 17–8148.　Decided June 18, 2018

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from the denial of certiorari.

Like a number of other capital defendants in Florida, petitioner Leo Louis Kaczmar has raised an important Eighth Amendment challenge to his death sentence that went unaddressed by the Florida Supreme Court. Specifically, he argues that the jury instructions in his case impermissibly diminished the jurors' sense of responsibility as to the ultimate determination of death, in violation of *Caldwell* v. *Mississippi*, 472 U. S. 320 (1985). I have thrice dissented from this Court's unwillingness to intervene in the face of the Florida Supreme Court's failure to address this important question. See *Guardado* v. *Florida*, 584 U. S. ___, ___ (2018); *Middleton* v. *Florida*, 583 U. S. ___, ___ (2018); *Truehill* v. *Florida*, 583 U. S. ___, ___ (2017). Recently, "[i]n light of the dissenting opinions to the denial of certiorari," the Florida Supreme Court in another capital case finally set out to "explicitly address" the *Caldwell* claim. *Reynolds* v. *State*, ___ So. 3d ___, n. 8, 2018 WL 1633075, *5, n. 8 (Apr. 5, 2018) (*per curiam*). The resulting opinion, however, gathered the support only of a plurality, so the issue remains without definitive resolution by the Florida Supreme Court. Thus, for the reasons previously stated in *Truehill*, *Middleton*, and *Guardado*, I again respectfully dissent from the denial of certiorari.